IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL LEE GORDON, #F64459                                    PETITIONER

VS.                                    CIVIL ACTION NO. 3:15cv530-CWR-FKB

SUPERINTENDENT RON KING                                    RESPONDENT

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Dismiss [13] filed by Respondent

Superintendent Ron King.  Petitioner Gordon filed a Response [14].  Gordon is proceeding *pro

se* and *in forma pauperis* ("IFP") in this matter filed pursuant to 28 U.S.C. § 2241.  For the

reasons discussed below, the undersigned recommends that this action be dismissed.

Gordon filed his petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on July

27, 2015.[1]  At the time he filed this action, Gordon, a federal prisoner, was incarcerated with the

Mississippi Department of Corrections at the Mississippi State Penitentiary located at Parchman,

Mississippi.  According to the Judgment attached to his Amended Petition [6], on May 20, 1999,

the United States District Court for the Southern District of Ohio (Eastern Division) sentenced

Gordon to a total term of imprisonment of one thousand six hundred fifty-one (1,651) months for

violation of the Hobbs Act, 18 U.S.C. § 1951, and use and/or carrying a firearm in relation to a

crime of violation, 18 U.S.C. § 924(c).

In his Petition [1] and Amended Petition [6], Gordon does not challenge his conviction or

sentence.  Instead, he challenges his incarceration in the Mississippi State Penitentiary located at

---

[1]Section 2241(a) provides, in pertinent part, that "[w]rits of habeas corpus may be
granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within
their respective jurisdictions."  Section 2241(c)(3) states that a writ of habeas corpus may extend
to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."

Parchman, Mississippi, and seeks to be released from the custody of the State of Mississippi.  In response to the Petition and Amended Petition, the State filed the subject Motion to Dismiss [13], asserting that this matter should be dismissed because Gordon does not challenge the fact or duration of his confinement.  Rather, the State asserts that Gordon is challenging the location of his confinement.  Citing *Wilson v. Budney*, 976 F.2d 957 (5th Cir. 1992), the State argues that as a prisoner, Gordon does not have a protectable liberty or property interest in his custodial classification or in which programs he is allowed to participate, therefore his challenge does not establish a constitutional violation.

Taking judicial notice of the Bureau of Prisons website,[2] which reflects that Plaintiff is housed at the United States Penitentiary, Coleman II, a high security U.S. penitentiary located in Coleman, Florida, and noting that he has not provided this Court with a current address in this civil action,[3] the undersigned recommends that Gordon's § 2241 be dismissed for lack of a case or controversy.  *See, e.g.*, Fed. R. Evid. 201 (stating that a judicially noticed fact must be one not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Denius v. Dunlap,* 330 F.3d 919, 927 (7th Cir. 2003) (permitting judicial notice of government records readily available in the public domain, such as the internet, because the fact of record keeping is not subject to reasonable dispute and the accuracy could not reasonably be questioned.)

---

[2]*See* www.bop.gov/inmateloc/.

[3]Gordon has two other civil actions pending in this Court: Civil Action No. 3:15cv898-CWR-FKB, and Civil Action No. 3:15cv592-DPJ-FKB, both filed pursuant to 42 U.S.C. § 1983. Gordon has updated his address in those civil actions to state that he is being housed at the United States Penitentiary, Coleman II, located in Coleman, Florida.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78).  Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot.  *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).  A case becomes moot "when the issues presented are no longer alive or the parties lack a legally cognizable interest in the outcome." *Valentine v. Pearson*, 2011 WL 2680716, at *2 (S.D. Miss. May 11, 2011) (quoting *United States v. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396-397 (1980)).

Under the *Spencer* case, a petitioner presents an Article III controversy when he demonstrates "some concrete and continuing injury other than the now-ended incarceration" — a "'collateral consequence' of the conviction."  *Spencer*, 523 U.S. at 7.  For the courts to exercise jurisdiction over a petitioner no longer in custody, that petitioner must demonstrate both that he was in custody when he filed the petition, and that his subsequent release has not rendered the petition moot.  *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

In this case, Gordon's sole request for relief was immediate release from the custody of the State of Mississippi. [1] at 2; [6] at 2.  According to the website of the Bureau of Prisons, and his filings in other cases before this Court, Gordon has been released from the custody of the Mississippi Department of Corrections.  He has also not demonstrated to the Court that he has a continuing injury after his release.

In addition, because he has not updated his address in this civil action, it appears that he

may have lost interest in pursuing this matter due to the mootness of his claims. Gordon has not submitted a current address to the Clerk in this action and has not communicated with the Court with regard to this action since he filed his Response [14] on January 20, 2016. Thus, his petition is also subject to dismissal without prejudice for want of prosecution and failure to comply with the Local Rules. See *McCullough v. Lynaugh*, 824 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order) (citing *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630-31 (1962)). Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See* Local Rule 11(a); *Wade v. Farmers Ins. Group*, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute, finding even incarcerated litigants must inform the court of address changes).

In light of the mootness of Gordon's claims, as well as his failure to maintain a current address with the Clerk of the Court, the undersigned recommends that his Petition be dismissed without prejudice. Alternatively, if Gordon files a timely objection to this Report and Recommendation, providing a current address and showing why his claims are not moot, he should be allowed to proceed on the merits of his claims.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon

grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 1st day of August, 2016.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE